IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID PAUL KRIKIE, §<br>#02474425, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>STATE OF TEXAS, ET AL., §<br>§<br>Defendants. § | No. 3:24-cv-484-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Texas prisoner David Paul Krikie, proceeding *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 raising challenges to his state criminal proceedings and conditions of confinement. For the following reasons, the Court should dismiss without prejudice Krikie's claims against the State of Texas for lack of subject matter jurisdiction, dismiss with prejudice his claims that imply the invalidity of his criminal convictions to their being asserted again until the *Heck v. Humphrey* conditions are met, and dismiss with prejudice his remaining claims for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**Background**

In 2018, Krikie was charged with obstruction/retaliation and aggravated assault with a deadly weapon. The state court deferred adjudicating his guilt and placed him on community supervision. *State of Texas v. David Paul Krikie*, No. F-

1854329-I (Crim. District Court #2, Dallas Cnty., July 27, 2018); No. F-1871280-I (Crim. District Court # 2, Dallas Cnty., Dec. 27, 2018).[1] On September 26, 2023, the Dallas County Court adjudicated Krikie's guilt, found him guilty, and sentenced him to two thirty-three-month sentences to run concurrently. *See State of Texas v. David Paul Krikie*, Nos. F-1854329-I, F-1871280-I (Crim. District Court # 2, Dallas Cnty., Sept. 26, 2023).

Krikie filed this federal civil rights action under 42 U.S.C. § 1983 in February 2024 complaining about alleged constitutional violations in his state criminal proceedings. Compl. (ECF No. 4). In response to a court order and notice of deficiency, he filed an amended complaint in July 2024. Amend. Compl. (ECF No. 15). He filed a second amended complaint without leave of court about a month later. Sec. Amend. Compl. (ECF No. 19).

Krikie alleges that his state criminal proceedings suffered from several defects, leading to his false arrest and imprisonment. *See generally* Sec. Amend. Compl.; Amend. Compl.; Compl. Krikie also complains about his medical treatment and conditions of confinement in 2021. Sec. Amend. Compl. at 14, 17. He alleges that unspecified defendants were deliberately indifferent to his serious medical needs stemming from COVID-19. *Id.* at 5-6. He alleges that his prison lacked a law library, hindering his ability to access the courts. *Id.* at 8.

---

[1] Krikie's state records are available on the Dallas County, Texas Courts Portal page. *See* http://courtsportal.dallascounty.org/DALLASPROD (search for Krikie's case numbers; last visited May 7, 2025).

2

Krikie sues the State of Texas, the chief of criminal appeals for the Texas Attorney General, and the Dallas County Police Department based on these allegations. Sec. Amend. Compl. at 19; Amend. Compl. at 3; Compl. at 1. For relief, Krikie asks the Court to "overturn" his criminal cases and to award monetary damages. *See* Sec. Amend. Compl. at 10; Compl. at 13.

## Legal Standards

Krikie's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555.

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Analysis

1. <u>The Court lacks jurisdiction over Krikie's claims against the State of Texas</u>.

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 368, 374, 376 (5th Cir. 2020)). "'Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless the state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and [42 U.S.C.] § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)) (further citation omitted).

Krikie has not identified any waiver or abrogation of sovereign immunity. Therefore, the Court should dismiss his claims against the State for lack of jurisdiction.

2. <u>Krikie cannot obtain habeas relief in this § 1983 action</u>.

Krikie asks the Court to overturn his convictions. But "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his

4

confinement.'" *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 498 (1973)); *see also Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Thus, Krikie's claim for habeas relief should be dismissed with prejudice. *See, e.g., Newman v. Reed,* 2019 WL 652963, at *2 (N.D. Tex. Jan. 10, 2019), *rec. accepted* 2019 WL 652471 (N.D. Tex. Feb. 15, 2019) ("Plaintiff seeks an order dismissing the prosecution of his criminal case. Habeas relief is an inappropriate remedy in a § 1983 action, however . . . Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he has failed to state a claim upon which relief may be granted on this basis in this civil non-habeas action.")

3. Krikie's claims related to his criminal proceedings are *Heck*-barred or inadequately pleaded.

To the extent that Krikie seeks monetary relief—or some other type of injunctive, non-habeas relief—stemming from his challenges to his state criminal proceedings, *Heck v. Humphrey,* 512 U.S. 477 (1994) bars most of his claims. In *Heck*, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 . . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

5

    demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of magistrate judge) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

    Here, Krikie claims his imprisonment and arrest were illegal because the arresting officer did not read him his rights; there was "no right to hold or charge" him because his probation had expired and he was not re-indicted on new charges; his counsel was ineffective; his double jeopardy rights were violated by using the same cases to imprison him twice; the State and Dallas County Police Department conspired to "set [him] up" for an "escape" charge and as retaliation for his exercise of free speech; his prosecution was vindictive and illegal; his obstruction charge was illegally used to enhance the aggravated assault charge; he was rushed into court without time to prepare; his attorney conspired with the State to secure his conviction; the police arrested him for doing nothing but reporting an armed robbery; his bail was excessive; the State broke his plea agreement deal, leading to his incarceration; his speedy trial rights were violated; the convictions violated the Due Process and Equal Protection Clauses; the convictions violated the Ninth Amendment; and his convictions were "undocumented" in violation of federal law. *See generally* Sec. Amend. Compl.; Amend. Compl.; Compl.

Except for the excessive bail claim, all these claims imply that Krikie's conviction was invalid, and they are barred under *Heck*. Krikie has not established that his allegedly improper convictions have been reversed, invalidated, or expunged before bringing this action, so his claims implying the invalidity of his convictions are not cognizable at this time. *See*, *e.g.*, *Smith v. Livingston*, 2017 WL 3175631, at *3 (N.D. Tex. July 5, 2017) ("Smith's claims in this case challenge the validity of his state court indictment and the state court's jurisdiction to convict him. A favorable ruling on such claims in this Court would necessarily invalidate his conviction.") (collecting cases), *rec. accepted* 2017 WL 3188408 (N.D. Tex. July 25, 2017); *Walter v. Horseshoe Ent.*, 482 F. App'x 884, 887 (5th Cir. 2012) (holding that *Heck* bars recovery for false arrest claim because the conviction necessarily implies that there was probable cause for the arrest) (citation omitted); *Thompson v. Wilkinson*, 2024 WL 4834051, at *3 (E.D. Tex. Oct. 31, 2024) (finding that First Amendment retaliation claim was barred by *Heck* because such a claim requires the plaintiff to prove the lack of probable cause), *rec. accepted* 2024 WL 4834031 (E.D. Tex. Nov. 19, 2024); *Miley v. Rylander*, 210 F.3d 368 (5th Cir. 2000) (holding that the plaintiff's double jeopardy claim is barred by *Heck* unless the challenged conviction has been invalided); *Anderson v. Galveston Cnty. Dist. Clerk*, 91 F. App'x 925, 926 (5th Cir. 2004) (holding that right-to-speedy-trial claim barred by *Heck* when conviction had not been invalidated); *Mouton v. Louisiana*, 547 F. App'x 502, 502 (5th Cir. 2013) ("Mouton's arguments regarding ineffective assistance, prosecutorial misconduct, trial court error, judicial

7

misconduct, juror misconduct, and wrongful incarceration are all barred by *Heck* because these claims are directly related to the validity of his conviction."); *Bonner v. Castloo*, 193 F. App'x 325 (5th Cir. 2006) ("We conclude, however, that Bonner's claims, which are premised on the alleged breach of his plea agreement, would necessarily imply the invalidity of his conviction or sentence and are barred by *Heck* . . . ."); *Garig v. Travis*, 2021 WL 2708910, at *26 (M.D. La. June 30, 2021) (finding that § 1983 conspiracy claims were barred by *Heck* because they challenged the plaintiff's conviction); *Lawson v. Speetjens*, 42 F.3d 642 (5th Cir. 1994) ("Lawson's complaint also alleges that Fortner and investigator Davis violated Lawson's rights by conspiring to incarcerate him. If proved, these conspiracy claims would call his conviction into question."); *Foster v. Carroll Cnty., Miss.*, 2011 WL 4386412, at *2 (N.D. Miss. June 23, 2011) ("A finding of prejudicial *Miranda* error would clearly call the validity of Foster's convictions into question and it is therefore barred under *Heck*.").

Krikie also challenges his "excessive" bail in the criminal proceedings. And while that allegation does not imply the invalidity of Krikie's conviction, he does not allege any facts in support of it. He does not even allege the amount of his bail. Such a general legal conclusion without supporting facts fails to state a claim for relief. *See*, *e.g.*, *Ireland v. Ward*, 2023 WL 9103066, at *2 (W.D. Tex. Dec. 6, 2023), *rec. accepted* 2024 WL 57013 (W.D. Tex. Jan. 3, 2024) ("Plaintiff's Fifth Amendment due process claim should also be dismissed as reciting bare legal conclusions with no suggestion of supporting facts.").

In sum, any non-habeas claims that Krikie is making related to his state criminal proceedings are either *Heck*-barred or inadequately pleaded and should be dismissed.

4. <u>Krikie fails to state a medical indifference or denial-of-access-to-courts claim</u>.

Krikie alleges that an unspecified actor "threw [his] life away" by sending him to an "SAFPF" unit in the prison during the height of the pandemic. Sec. Amend. Compl. at 5. He alleges that he contracted COVID-19, was in great pain, and was rushed to the hospital. *Id.* at 6. After he was released from the hospital, he alleges that "TDCJ" took him back to his unit and put him in a "school room" where no one would "see if [he] died." He alleges that he should have remained in the hospital. *Id.*

In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Texas Dep't. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)); *see also Reeves v.*

9

*Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence, and medical malpractice are not deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances, amount to deliberate indifference. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Instead, a showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that even a layman would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12.

Krikie fails to plausibly allege deliberate indifference to his serious medical needs. He alleges no facts showing anyone subjectively understood him to face a serious risk of harm but failed to take reasonable measures to abate it. Instead, he alleges that he was "rushed" to the hospital when he contracted COVID-19. He claims that he should have stayed in the hospital longer, but his disagreement with his medical treatment fails to state a medical indifference claim. *See*, *e.g.*, *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Further, Krikie says that this incident took place in 2021. If so, the claim, in addition to lacking substantive merit, is untimely. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Under federal law, the limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). The incident Krikie complains about occurred in 2021, and he knew of any injury then. Yet, he did not bring this action until February 2024. Therefore, the medical indifference claim is untimely.

Finally, Krikie alleges that he was deprived of his right to access the courts in his prison unit because the prison had no law library—only a "pushcart with some forms." Sec. Amend. Compl. at 8, 17.

To succeed on a denial-of-access-to-courts claim, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *see also Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must show that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just

11

as if it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002).

Krikie identifies no claim that he lost or could not present because of the alleged denial of access to courts; thus, this claim is meritless and should be dismissed.

Further, as with his medical indifference claim, Krikie alleges that he was denied access to the courts in 2021. Sec. Amend. Compl. at 17. Thus, this claim, in addition to lacking substantive merit, is untimely for the same reasons as the medical indifference claim.

## Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.*

Here, Krikie has already pleaded his best case because he has filed three complaints. Further, it does not appear that Krikie can cure the deficiencies noted in this recommendation through amendment: the State of Texas is immune from liability for his claims, his habeas claim cannot be pursued in this action, *Heck* bars his § 1983 claims implying the invalidity of his conviction, and his remaining claims are untimely and/or insufficiently pleaded. Krikie is not entitled to further amend his claims.

## Recommendation

The Court should dismiss without prejudice plaintiff David Paul Krikie's claims against the State of Texas for lack of subject matter jurisdiction, dismiss with prejudice his claims that imply the invalidity of his criminal convictions to their being asserted again until the *Heck* conditions are met, and dismiss with prejudice his remaining claims for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

SO RECOMMENDED May 7, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).